**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NADINE JOHNSON**, <br> 6434 N. 15th Street <br> Philadelphia, PA 19126 <br><br> Plaintiff, <br> vs. <br><br> **NCO FINANCIAL SYSTEMS, INC.**, <br> 507 Prudential Road <br> Horsham, PA 19044 <br><br> Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION <br><br> **No. 02-CV-4165** |

**ANSWER TO THE COMPLAINT OF PLAINTIFF, NADINE JOHNSON BY DEFENDANT, NCO FINANCIAL SYSTEMS, INC.**

### I.   Answer to Plaintiff's Introduction to the Complaint

1.   Admitted in part and denied in part. Admitted that plaintiff is attempting to assert a claim for a purported violation under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereafter the "FDCPA"). It is expressly denied that Defendant, NCO Financial Systems, Inc., (hereafter "NCO"), violated the FDCPA by engaging in any abusive, deceptive or unfair collections practices or otherwise attempting to improperly collect funds from the plaintiff for the payment of a debt owed by the plaintiff's sister.

2.   Denied. The allegations in paragraph 2 of plaintiff's Complaint are composed entirely of legal conclusions to which no response is required of NCO. Strict proof thereof is demanded.

## II.   Answer to Plaintiff's Allegations of Jurisdiction and Venue

3    Denied.  The allegations in paragraph 3 of plaintiff's Complaint are composed entirely of legal conclusions to which no response is required of NCO. Strict proof thereof is demanded.

## III.   Answer Plaintiff's Allegations as to Parties

4.    Denied.  After reasonable investigation, NCO is without sufficient knowledge and information to form a belief as to the truth of each allegation in this paragraph and, accordingly, the allegations are denied and strict proof thereof is demanded at trial.

5.    Denied.  It is denied that NCO's principal place of business is at 513 Pennsylvania Avenue in Fort Washington, PA.  By way of further answer, NCO's principal place of business is located at 507 Prudential Road in Horsham, PA 19044.

6.    Admitted.

## IV.   Answer to Plaintiff's Statement of Claim

7.    Denied.  Plaintiff has failed to attach copies of the written communications allegedly issued from NCO to Jacquelyn Proctor.  Therefore, NCO is without sufficient knowledge and information to form a belief as to the truth of each allegation in this paragraph and, accordingly, the allegations are denied and strict proof thereof is demanded at trial.

8.    Admitted in part and denied in part. Admitted that plaintiff gave permission to Jacquelyn Proctor to access plaintiff's account to pay debt.  It is further admitted that Jacquelyn Proctor, with the express consent of plaintiff,

authorized NCO to withdraw $50.00 through a phone check. It is denied that the permission was given for a one-time withdrawal from this account, and strict proof thereof is demanded at trial.

9. Denied. Plaintiff has failed to attach copies of exhibit "A" to the Complaint, the February 9, 2002 letter from NCO to Jacquelyn Proctor. Therefore, NCO is without sufficient knowledge and information to form a belief as to the truth of each allegation in this paragraph and, accordingly, the allegations are denied and strict proof thereof is demanded at trial.

10. Denied. Plaintiff has failed to attach copies of exhibit "A" to the Complaint, the February 9, 2002 letter from NCO to Jacquelyn Proctor. Therefore, NCO is without sufficient knowledge and information to form a belief as to the truth of each allegation in this paragraph and, accordingly, the allegations are denied and strict proof thereof is demanded at trial.

11. Denied.

### COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

12. Denied. NCO repeats its answers to the allegations contained in paragraphs 1 through 11, inclusive, above, as though set forth at length herein.

13. (a)-(e) Denied. The allegations in paragraph 13 of plaintiff's Complaint are composed of legal conclusions to which no response is required of NCO. Strict proof thereof is demanded. By way of further answer, NCO denies any violation under 15 U.S.C. §1692e(5), §1692f, and §1692f(2) and strict proof thereof is demanded at trial. Further, NCO denies that plaintiff is entitled to any declaratory

decision regarding the conduct of NCO in attempting to collect a valid debt from Jacquelyn Proctor.

### V.     Answer to Plaintiff's Demand For Jury Trial

No response is required of NCO.

**WHEREFORE,** Defendant NCO Financial Systems, Inc., respectfully requests that this Honorable Court dismiss the Complaint with prejudice and award appropriate and reasonable attorney's fees and costs to NCO Financial Systems.

### AFFIRMATIVE DEFENSES RAISED BY DEFENDANT, NCO FINANCIAL SYSTEMS
### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against NCO Financial Systems, Inc., upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to plead facts sufficient to entitle plaintiff to any relief sought against NCO Financial Systems, Inc.

### THIRD AFFIRMATIVE DEFENSE

The claims set forth in plaintiff's Complaint against NCO Financial Systems, Inc., fail to set forth any showing of actual damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's actual damages, if any, are solely the result of acts or omissions by the plaintiff and her sister, Jacquelyn Proctor.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering statutory damages in the absence of any statutory violation.

## SIXTH AFFIRMATIVE DEFENSE

Neither plaintiff nor her sister, Jacquelyn Proctor, disputed the valid debt, and plaintiff has suffered no actual injury or damage as a result of NCO Financial Systems, Inc.'s legitimate attempts to satisfy the valid debt owed by Jacquelyn Proctor.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the operation of a Release.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of "Unclean Hands".

## NINTH AFFIRMATIVE DEFENSE

If NCO made any of the alleged acts or omissions, these acts or omissions were not the legal or proximate cause of actual harm, if any, suffered by plaintiff.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to plead any actual damages.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that plaintiff suffered actual damages, the same being specifically denied, NCO Financial Systems, Inc., was not the proximate cause of these damages.

## **TWELFTH AFFIRMATIVE DEFENSE**

To the extent there was a violation of the FDCPA, said violation being specifically denied, it was the result of bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such errors.

**WHEREFORE**, Defendant, NCO Financial Systems, Inc., respectfully requests that this Honorable Court dismiss plaintiff's Complaint, with prejudice, deny plaintiff's prayer for relief and award NCO Financial Systems, Inc., reasonable attorney's fees and all such other relief that the Court deems just and proper.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

BY:_____
   BUTLER BUCHANAN, III, ESQUIRE
       Attorney I.D.  No. 31001
   ANDREW M. SCHWARTZ, ESQUIRE
       Attorney I.D. No. 79427
   1845 Walnut Street, 17th Floor
   Philadelphia, PA 19103
   (215)575-2661

   Attorneys for Defendant, NCO Financial Systems, Inc.

DATED: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NADINE JOHNSON**, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| vs. | : | **No. 02-CV-4165** |
| | : | |
| **NCO FINANCIAL SYSTEMS, INC.**, | : | |
| | : | |
| Defendant. | : | |

**CERTIFICATE OF SERVICE**

I, Andrew M. Schwartz, Esquire, do hereby certify that a true and correct copy of the ***ANSWER OF DEFENDANT NCO FINANCIAL SYSTEMS, INC., TO PLAINTIFF'S COMPLAINT*** was served upon all parties by the United States Postal Service, via first class mail, on _____ 2002 to plaintiff's counsel at the following address:

ANDREA M. DEUTSCH, ESQ.
**LUNDY, FLITTER, BELDECOS & BERGER**
450 N. Narberth Avenue
Narberth, PA 19072
610-668-0772

_____
BUTLER BUCHANAN, III, ESQUIRE
   Attorney I.D. No. 31001
ANDREW M. SCHWARTZ, ESQUIRE
   Attorney I.D. No. 79427
1845 Walnut Street, 17th Floor
Philadelphia, PA 19103
(215)575-2661

Attorneys for Defendant, NCO Financial Systems, Inc.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NADINE JOHNSON**, 6434 N. 15th Street Philadelphia, PA 19126 | : : : : | CIVIL ACTION |
| Plaintiff, vs. | : : : : | **No. 02-CV-4165** |
| **NCO FINANCIAL SYSTEMS, INC.,** 507 Prudential Road Horsham, PA 19044 | : : : : | |
| Defendant. | : | |

## VERIFICATION

_____, an authorized representative of NCO Financial Systems, Inc., verifies that the facts set forth in NCO Financial Systems, Inc.'s Answer to Plaintiff's Complaint, are true to the best of her knowledge, information and belief. If the above statements are not true, the deponent understands that he may be subject to penalties relating to unsworn falsification to authorities.

_____
,
Authorized Representative
NCO Financial Systems, Inc.

Dated: _____, 2002